**AFFIRMED and Opinion Filed March 8, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00056-CR

**CAMERON RAFAEL CASTILLO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-82223-2018**

## MEMORANDUM OPINION
Before Justices Schenck, Smith, and Garcia
Opinion by Justice Smith

Cameron Rafael Castillo appeals his conviction of possession of methamphetamine in an amount greater than one gram but less than four grams. The trial court found appellant guilty and sentenced him to eight years' confinement. In a single issue, appellant argues the evidence was insufficient to support a finding that he possessed the methamphetamine. We affirm the trial court's judgment.

In July 2018, appellant was charged by indictment with intentionally and knowingly possessing methamphetamine in an amount of one gram or more but less than four grams. At trial in December 2019, McKinney police officer Allen

Copeland testified that, on December 29, 2017, at approximately 2:45 a.m., Copeland got a phone call from the Greenville police saying they were pinging the cell phone of a suspect in a possible capital murder that happened in their city earlier that day. The pinging showed the suspect was at a Walgreen's or CVS, and the suspect was driving "either a silver Dodge Charger or a red Dodge Charger that was sitting in that parking lot." Copeland saw a silver passenger car he believed was the vehicle in question, and he watched the car back out of a parking space and pull out onto a street. The car did not have its lights on, and Copeland followed the car and saw it travel without any lights approximately a quarter of a mile on a main thoroughfare.

Copeland called dispatch and initiated a traffic stop by turning on his overhead lights. The car pulled into a Taco Bell and then got back onto the street and kept going. Copeland "hit [his] siren a few times," but the car did not stop. Other officers that were "staged in the area all came out with their lights on and got behind [Copeland] and a pursuit ensued." At least seven vehicles joined the pursuit, and all of them had their lights and sirens on. The car eventually turned down a dead-end road, and Copeland pulled his squad car forward to get behind the car. The car immediately reversed, hitting Copeland's squad car, and then pulled forward to the dead end. At that point, other officers were able to completely block the car so it could not leave.

Copeland could see "at least two people" in the car, and they did not initially comply with the officers' attempts to get them out of the car. Copeland saw "movement" inside the car and saw the driver and passenger kiss. It took "between one to five minutes" to get the driver out of the car, and appellant got out of the car a minute or so thereafter.

McKinney police officer Chance Steele testified he was involved in the traffic stop and also saw the driver exit the car first before being taken into custody, and then appellant got out of the car. Dashcam footage showed appellant got out of the car a little more than a minute after the driver. After the driver and appellant were taken into custody, Greenville police requested an inventory of the car, and Steele conducted the inventory looking for valuables. Steele testified he "found a Juicy Fruit wrapper or a container on the passenger side in the seat." The container was "right in the center of the seat" where appellant had gotten out earlier. When Steele went to move the container, it "didn't feel right," and he noticed "there was something sticking out of it." Steele opened the container and found pills individually wrapped in plastic baggies. There were seven pills in the container, and Steele took them to his car and used a field drug kit to test the pills for possible narcotics. The pills tested positive for narcotics, and Steele subsequently took the pills into evidence at the McKinney police department and submitted them to the lab.

David Eckre, an analyst at the Department of Public Safety crime laboratory, testified he tested four yellow pills in this case and determined they contained 1.06 grams of methamphetamine. At the conclusion of trial, the trial court found appellant guilty of possession of methamphetamine in an amount greater than one gram but less than four grams. This appeal followed.

In a single issue, appellant argues the evidence is insufficient to show he possessed the methamphetamine. In reviewing the sufficiency of the evidence, an appellate court must ask whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This standard gives full play to the responsibility of the factfinder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.*

A court's role on appeal is restricted to guarding against the rare occurrence when the factfinder does not act rationally. *Id.* It is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence can alone be sufficient to establish guilt. *Id.* Each fact need not point directly and independently to guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction. *Id.*

–4–

A person commits the offense of possession of a controlled substance if he knowingly or intentionally possesses a controlled substance, including methamphetamine. TEX. HEALTH & SAFETY CODE §§ 481.115(a), (d); *see also id.* § 481.002(5), § 481.102(6). To prove that appellant possessed methamphetamine, the State was required to show that he (1) exercised control, management, or care over the methamphetamine and (2) he knew that it was contraband. *See Blackman v. State*, 350 S.W.3d 588, 594 (Tex. Crim. App. 2011); *see also* TEX. HEALTH & SAFETY CODE § 481.002(38) ("'Possession'" means "actual care, custody, control or management.").

A defendant's mere presence is insufficient to establish possession. *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). When the contraband is not in the exclusive possession of the defendant, a fact finder may nonetheless infer that the defendant intentionally or knowingly possessed the contraband if there are sufficient independent facts and circumstances justifying such an inference. *Id.* at 413–14. Courts apply a non-exclusive list of fourteen factors that may indicate a link connecting the defendant to the knowing possession of contraband:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the

defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Id.* at 414 (citing *Evans v. State*, 202 S.W.3d 158, 162 n. 12 (Tex. Crim. App. 2006)). Although these factors can help guide a court's analysis, ultimately the inquiry remains that set forth in *Jackson*: Based on the combined and cumulative force of the evidence and any reasonable inferences therefrom, was a factfinder rationally justified in finding guilt beyond a reasonable doubt? *Jackson*, 443 U.S. at 318–19. It is not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial. *Evans*, 202 S.W.3d at 162.

Here, the evidence showed appellant was present when the search was conducted. The contraband was not in plain view, but the yellow container holding the contraband was in plain view in the center of the passenger seat where appellant had been sitting. Thus, appellant was in close proximity to the contraband and had easy access to it. Appellant clearly had the right to be inside the car: the driver kept appellant in the car during the lengthy chase and kissed appellant before she got out of the car. The car was an enclosed space. Steele testified the container "didn't feel right," and "there was something sticking out of it."

Appellant argues the "facts of the case only provide for mere presence at the location of the contraband." Appellant points out that the car belonged to the driver, not appellant; the driver had control and custody of what was in the car; there was

no odor of contraband; the pills were not in plain view; appellant possessed no other drugs or paraphernalia; appellant had no weapons; and appellant did not flee when the vehicle stopped.

The absence of various links does not constitute evidence of innocence to be weighed against the affirmative links present. *Espino-Cruz v. State*, 586 S.W.3d 538, 544 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd). Viewing the evidence in the light most favorable to the prosecution, we conclude a rational trier of fact could have found beyond a reasonable doubt that appellant possessed the methamphetamine in this case. *See Nisbett*, 552 S.W.3d at 262; *Jackson*, 443 U.S. at 319. We overrule appellant's single issue.

We affirm the trial court's judgment.

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200056F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

CAMERON RAFAEL CASTILLO,
Appellant

No. 05-20-00056-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 296-82223-
2018.
Opinion delivered by Justice Smith.
Justices Schenck and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered March 8, 2021